2001 ND 165

**CITY OF FARGO, Plaintiff and Appellant**

v.

**James Merle GULLEKSON, Defendant and Appellee.**

**No. 20010101.**

Supreme Court of North Dakota.

Oct. 16, 2001.

*See also,* 634 N.W.2d 527.

Stephen R. Dawson, Assistant City Attorney, Fargo, ND, for plaintiff and appellant.

James Merle Gullekson, defendant and appellee. No appearance.

KAPSNER, Justice.

[¶ 1] The City of Fargo appeals an order suppressing evidence found during an investigatory stop of James Merle Gullekson's vehicle. The City of Fargo contends the trial court erred in its decision the stop was not based on reasonable and articulable suspicion. Because the evidence was discovered during a legal investigatory stop, we reverse the trial court's suppression of the evidence and remand for further proceedings consistent with this opinion.

[¶ 2] Shortly before midnight on the night of October 24, 2000, an anonymous tip of a recklessly driven Ford sport utility vehicle, possibly an Explorer, was called into Fargo Police Department dispatch. Fargo Police Officer Bret Witte responded to the call by positioning himself on an off-ramp of Interstate 29 where he could observe any vehicle traveling in the southerly direction the caller stated the vehicle was traveling. After a short period of time, Officer Witte observed a Ford Bronco, the only vehicle traveling southbound.

[¶ 3] After the Ford Bronco passed him, Officer Witte requested a record check on the license plate number displayed on the Bronco. The check revealed Gullekson was the registered owner of the vehicle, and his operator's license was under suspension. Officer Witte caught up to the Ford Bronco and upon observing the driver matched the physical description of the registered owner, as found on the registered owner's operator's license, stopped the vehicle. After stopping the vehicle and confirming Gullekson's identi-ty, Officer Witte arrested Gullekson for driving with a suspended license.

[¶ 4] Gullekson pleaded not guilty to the charge and demanded a jury trial. Prior to trial, Gullekson filed a motion to suppress all evidence obtained by law enforcement officers resulting from the stop. Gullekson asserted the evidence he was driving with a suspended operator's license was the product of an illegal search because Officer Witte did not have reasonable and articulable suspicion a crime was being committed when he made the investigatory stop. The trial court granted the motion and suppressed the evidence, finding "[t]here is no evidence to indicate Officer Witte knew the Defendant or that he actually knew the Defendant was driving the vehicle." The City of Fargo appealed the order granting the motion to suppress.

[¶ 5] Because of factual and legal similarities, this case was consolidated for oral argument with *City of West Fargo v. Ross*. *City of West Fargo v. Ross*, 2001 ND 163, 634 N.W.2d 527. That case is dispositive. For the reasons set forth in *Ross*, we reverse the trial court's suppression of the evidence and remand for further proceedings. *See id.* at ¶¶ 7–12.

[¶ 6] VANDE WALLE, C.J., and MARING, NEUMANN and SANDSTROM, JJ., concur.